**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ALAN A. COOKE, *et al.*, | No. C 08-00016 SBA |
| Plaintiffs, | **ORDER** |
| v. | [Docket No. 2] |
| CHIEF MURL HARPUM, *et al.* | |
| Defendants. | |

**REQUEST BEFORE THE COURT**

Before the Court is plaintiff's Motion to Proceed *In Forma Pauperis* and his Application to Proceed *In Forma Pauperis* (the "Application") [Docket No. 2]. For the reasons discussed below, the Court DENIES Alan A. Cook's Application without prejudice, and orders as follows:

(1) Alan Cooke has 20 days from the date of this Order to resubmit the Application without any changes;

(2) the Estate of Zachary Cooke has 20 days from the date of this Order to appear by attorney and, if necessary, file an Application to Proceed *In Forma Pauperis*;

(3) Terri Lynn Omholt has 20 days from the date of this Order to file an Application to Proceed *In Forma Pauperis*; and,

(4) Gage Tyler Cooke has 20 days from the date of this Order to file proof of majority with the Court or appear through a next friend or *guardian ad litem*, and to file an Application to Proceed *In Forma Pauperis*.

In the alternative, if the requisite filing fee is paid within 20 days from the date of this Order, no plaintiffs need file an Application to Proceed *In Forma Pauperis*. **Any plaintiff, however, who fails to comply with this Order, within 20 days from the date of this Order, will have their claims dismissed without prejudice.**

///

///

**BACKGROUND**

Alan Cooke is the biological father of Zachary Cooke, deceased, and the executor of Zachary Cooke's estate, while Terri Omholt is the decedent's mother,[1] and Gage Cooke is the decedent's minor brother. Docket No. 1 ¶ 5 (Compl.). On January 2, 2008, Alan Cooke filed a *pro se* complaint allegedly on behalf of himself, his son's estate, Terri Omholt, and Gage Cooke, though only Alan Cooke signed it, and only on his own behalf. *See id.* at 1, 9. As defendants, Alan Cooke named Chief Murl Harpum, Officer Terence Liles, Officer Watson, Det. Kirkpatrick, ATF Agent Medlin, ATF Supervisor Anglin, The City of Eureka, The Eureka Police Department, The County of Humboldt, The District Attorney of Humboldt County, Paul Gallegos, The Humboldt County Sheriffs Office, DA INV. Jim Dawson. *See id.* at 1. Alan Cooke also filed the Application, on January 2, 2008.

In the Complaint, Alan Cooke alleged defendants wrongfully and without a search warrant or any lawful jurisdiction, entered a building where his son was residing, shot him to death, then falsified reports and evidence to cover up their crimes. He also claimed his son was being sought by law enforcement officials in Eureka, as an alleged suspect in a robbery, and was believed by police to have shot at one of their members. He also claimed law enforcement officials conspired to murder his son in retaliation for his son allegedly shooting at one of their members.

**LEGAL STANDARD**

**I.   Demonstrating *In Forma Pauperis* Status**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984). As 28 U.S.C. § 1915(a)(1) states, in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that

///

///

---

[1] Alan Cooke did not describe her as decedent's "biological" mother. Compl. ¶ 5.

includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).

A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *Jefferson v. U.S.*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960).  An affidavit is sufficient if it states a person cannot pay or provide security for court costs and still provide himself or herself and any dependents with the necessities of life.  *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins*, 335 U.S. at 339).  The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  The Court has the discretion to make a factual inquiry into a plaintiff's financial status and to deny their request to proceed in forma pauperis where they are unable or unwilling to verify their poverty.  *Id.*  If a court determines a plaintiff's allegation of poverty is untrue, it shall dismiss their case.  28 U.S.C. § 1915(e)(2).

## II.     Claims Review under 28 U.S.C. § 1915

Title 28 U.S.C. § 1915 also authorizes a district court to dismiss a claim filed *in forma pauperis* "at any time" if it determines:  (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  *Pro se* pleadings must be liberally construed.  *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a complaint, however, a court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim").  Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*,

957 F.2d 655, 659 (9th Cir. 1992).   But if a plaintiff's complaint is found deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend.  *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

**ANALYSIS**

**I.      The Application**

The Court has reviewed Alan Cooke's Application and finds it sufficient.  At face value, it demonstrates he is unable to pay the requisite fees and costs.  In it, he alleges he is unemployed, receives Veteran's benefits in the amount of $910 per month, and has monthly expenses of  $900.  Further, he has an outstanding balance of over $9,000 on various credit cards.  Assuming the Application as true, he is unable to pay the Court's filing fee and provide himself with the necessities of life.

**II.     The Claims**

Alan Cooke alleged the following claims:

(1)     unreasonable seizure and deprivation of life violations under the Fourth and Fourteenth Amendments to the United States Constitution against all defendants;

(2)     municipal liability violation of constitutional rights due to a policy and practice pursuant to *Monell* and 42 U.S.C. § 1983, against the Eureka Police Department, the Humboldt County Sheriffs Department, and various Doe policymakers;

(3)     wrongful death against all defendants;

(4)     violation of the California Civil Rights Bane Act, against all defendants; and

(5)     negligence against all defendants.

The claims do not appear frivolous or malicious.  While some of them may not survive a motion to dismiss due to immunities or other issues, some claims probably will.  Whether they will survive a motion for summary judgment remains to be seen.  Thus, at this time, it appears Alan Cooke has stated a claim for relief against one or more defendants.  Thus, the Court would allow him to pursue his action, were it not for the procedural problems noted in part III, *infra*.

///

///

4

### III. Status and Capacity to Sue

The Court notes there are three plaintiffs besides Alan Cooke, who have not yet submitted applications to proceed *in forma pauperis*, the estate, Terri Omholt, and Gage Cooke. As only one filing fee need be paid per case, and not per plaintiff, either one filing fee must be paid, or each plaintiff must qualify as *in forma pauperis*. In addition, Alan Cooke seeks to appear as an executor, which he cannot do, unless he is an attorney, which he apparently is not. *See* Fed. R. Civ. P. 17(b); *Hansen v. Hansen*, 114 Cal.App.4th 618, 621 (2003); *City of Downey v. Johnson*, 263 Cal.App.2d 775., 779 (1968). In addition, Gage Cooke is identified as a minor, Compl. at 2:2-3, but has no next friend or *guardian ad litem* to manage suit on his behalf. *See* Fed. R. Civ. P. 17(c). Even with a next friend or guardian ad litem, however, he may only appear through an attorney, of which he apparently has none. *See* Fed. R. Civ. P. 17(b); *Mossanen v. Monfared*, 77 Cal.App.4th 1402, 1409, 92 Cal.Rptr.2d 459 (2000); *J.W. v. Super. Ct.*, 17 Cal.App.4th 958, 968-69, 22 Cal.Rptr.2d 527 (1993).

### CONCLUSION

For the foregoing reasons, the Court DENIES Alan Cook's Application without prejudice, and orders as follows:

(1) Alan Cooke has 20 days from the date of this Order to resubmit the Application without any changes;

(2) the Estate of Zachary Cooke has 20 days from the date of this Order to appear by attorney and, if necessary, file an Application to Proceed *In Forma Pauperis*;

(3) Terri Lynn Omholt has 20 days from the date of this Order to file an Application to Proceed *In Forma Pauperis*; and,

(4) Gage Tyler Cooke has 20 days from the date of this Order to file proof of majority with the Court or appear through a next friend or *guardian ad litem*, and to file an Application to Proceed *In Forma Pauperis*.

In the alternative, if the requisite filing fee is paid within 20 days from the date of this Order, no plaintiffs need file an Application to Proceed *In Forma Pauperis*. **Any plaintiff, however, who**

///

1 **fails to comply with this Order, within 20 days from the date of this Order, will have their**
2 **claims dismissed without prejudice.**
3     IT IS SO ORDERED.

4     April 22, 2008                                        _/s/ Saundra B Armstrong_
5                                                           Saundra Brown Armstrong
                                                            United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOKE et al, | Case Number: CV08-00016 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| HARPUM et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alan A. Cooke
c/o Kim Starr
P.O. Box 5692
Eureka, CA 95502

Dated: April 23, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk