**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

ALAN A. COOKE, *et al.*,

    Plaintiffs,

v.

CHIEF MURL HARPUM, *et al.*

    Defendants.

No. C 08-00016 SBA

**ORDER**

For the reasons discussed below, the Court DISMISSES this matter for lack of subject matter jurisdiction. Plaintiff Alan Cooke is the biological father of Zachary Cooke, deceased, and the executor of Zachary Cooke's estate. Plaintiff Terri Omholt is the decedent's mother,[1] and plaintiff Gage Cooke is the decedent's minor brother. Docket No. 1 ¶ 5 (Compl.). On January 2, 2008, Alan Cooke filed a *pro se* complaint allegedly on behalf of himself, his son's estate, Terri Omholt, and Gage Cooke. The complaint is signed by Alan Cooke, and only on his own behalf. *See id.* at 1, 9. As defendants, Alan Cooke names Chief Murl Harpum, Officer Terence Liles, Officer Watson, Det. Kirkpatrick, ATF Agent Medlin, ATF Supervisor Anglin, The City of Eureka, The Eureka Police Department, The County of Humboldt, The District Attorney of Humboldt County, Paul Gallegos, The Humboldt County Sheriffs Office, and DA INV. Jim Dawson. *See id.* at 1.

In the Complaint, Alan Cooke alleges the defendants wrongfully and without a search warrant or any lawful jurisdiction, entered a building where his son was residing, shot him to death, and falsified reports and evidence to cover up their crimes. He also claims his son was being sought by law enforcement officials in Eureka, as an alleged suspect in a robbery, and was believed by police to have shot at one of their members. He claims law enforcement officials conspired to murder his son in retaliation for his son allegedly shooting at one of their members.

///

---

[1] The complaint does not describe her as decedent's "biological" mother. Compl. ¶ 5.

1  The same day Alan Cooke filed his Complaint, he also filed an Application to Proceed in
2  Forma Pauperis (the "IFP Application"). *See* Docket No. 2. On April 23, 2008, the Court denied
3  the IFP Application for the following reasons:

4  The Court notes there are three plaintiffs besides Alan Cooke, who have not
5  yet submitted applications to proceed *in forma pauperis*, the estate, Terri Omholt, and
6  Gage Cooke. As only one filing fee need be paid per case, and not per plaintiff,
7  either one filing fee must be paid, or each plaintiff must qualify as *in forma pauperis*.
8  In addition, Alan Cooke seeks to appear as an executor, which he cannot do, unless
9  he is an attorney, which he apparently is not. *See* Fed. R. Civ. P. 17(b); *Hansen v.*
10  *Hansen*, 114 Cal.App.4th 618, 621 (2003); *City of Downey v. Johnson*, 263
11  Cal.App.2d 775, 779 (1968). In addition, Gage Cooke is identified as a minor,
12  Compl. at 2:2-3, but has no next friend or *guardian ad litem* to manage suit on his
13  behalf. *See* Fed. R. Civ. P. 17(c). Even with a next friend or guardian ad litem,
14  however, he may only appear through an attorney, of which he apparently has none.
15  *See* Fed. R. Civ. P. 17(b); *Mossanen v. Monfared*, 77 Cal.App.4th 1402, 1409, 92
16  Cal.Rptr.2d 459 (2000); *J.W. v. Super. Ct.*, 17 Cal.App.4th 958, 968-69, 22
17  Cal.Rptr.2d 527 (1993).

18  Docket No. 10 at 5.
19  Due to these defects, the Court ordered:

20  (1)  Alan Cooke has 20 days from the date of this Order to resubmit the
21  [IFP] Application without any changes;

22  (2)  the Estate of Zachary Cooke has 20 days from the date of this Order to
23  appear by attorney and, if necessary, file an Application to Proceed *In Forma*
24  *Pauperis*;

25  (3)  Terri Lynn Omholt has 20 days from the date of this Order to file an
26  Application to Proceed *In Forma Pauperis*; and,

27  (4)  Gage Tyler Cooke has 20 days from the date of this Order to file proof
28  of majority with the Court or appear through a next friend or *guardian ad litem*, and

to file an Application to Proceed *In Forma Pauperis*.

In the alternative, if the requisite filing fee is paid within 20 days from the date of this Order, no plaintiffs need file an Application to Proceed *In Forma Pauperis*. **Any plaintiff, however, who fails to comply with this Order, within 20 days from the date of this Order, will have their claims dismissed without prejudice.**

*Id.* at 5-6.

On May 5, 2008, in response to Alan Cooke's request, the Court referred this matter to a magistrate judge. Docket No. 14. It was reassigned to Magistrate Judge James Larson. Docket No. 15. Alan Cooke and Terri Omholt filed IFP Applications, on May 16 and 17, 2008, respectively. Docket Nos. 16-17. On May 14, 2008, Judge Larson sent a letter to Alan Cooke noting:

Your case was recently assigned to me for all proceedings, including trial. I notice that you and co-plaintiff Terri Lynn Omholt, your son Zachary's mother, recently filed new applications to file in forma pauperis. This is in line with the order issued by Judge Armstrong on April 23. *I would appreciate it if you could advise me whether you will also be able to comply with the other parts of the order, with respect to claims by your son's estate and by his son*, and generally how you wish to proceed in this case.

Docket No. 18 (emphasis added).

There is no indication on the docket that Alan Cooke responded to this letter. On May 23, 2008, Judge Larson granted Alan Cooke and Terri Omholt IFP status.

On September 17, 2008, the city of Eureka declined to proceed before a magistrate judge. Docket No. 24. The matter was then assigned to Judge Claudia Wilken, then on October 9, 2008, reassigned to this Court. Docket Nos. 28, 36. On October 23, 2008, the Court issued an Order directing:

(1) the Estate of Zachary Cooke has 10 days from the date of entry of this Order to appear by attorney and, if necessary, file an Application to Proceed *In*

3

*Forma Pauperis*; and

///

///

   (2) Gage Tyler Cooke has 10 days from the date of entry of this Order to file proof of majority with the Court or appear through a next friend or *guardian ad litem*, and to file an Application to Proceed *In Forma Pauperis*.

  In the alternative, if the requisite filing fee is paid within 10 days from the date of this Order, no plaintiffs need file an Application to Proceed *In Forma Pauperis*. **Any plaintiff, however, who fails to comply with this Order, within 10 days from the date of the entry of this Order, will have their claims dismissed without prejudice.**

Docket No. 39 at 3-4.

  As of November 4, 2008, the lawful representative of the Estate of Zachary Cook (the "Representative") had not appeared in this matter through an attorney nor filed an Application to Proceed In Forma Pauperis. As of this same date, Gage Tyler Cooke had not filed proof of majority with the Court, appeared in this matter through an attorney, nor filed an Application to Proceed in Forma Pauperis. The Court DISMISSES these plaintiffs without prejudice.

  The *only* putative plaintiff who could have stated a claim under federal law was the Representative, who could have claimed a survival action under sections 377.20 and 377.30 of the California Code of Civil Procedure for defendants' alleged violations of 42 U.S.C. § 1983 or under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). All the other putative plaintiffs, however, Alan Cooke, Terri Omholt, and Gage Tyler Cooke, have only claimed wrongful death, under section 377.60 of the Code of Civil Procedure,[2] and negligence against defendants. Compl. at 7-8. Had the Representative pled claims under § 1983 or *Bivens*, the Court would have had subject matter jurisdiction over them. 28 U.S.C. § 1331. In turn, the Court

---

[2] The Court notes it is unclear whether Gage Tyler Cooke, as a surviving sibling, could make such a claim, as long as Zachary Cooke's surviving biological parents were plaintiffs. *See* Cal. Code Civ. Proc. § 377.60(a)-(c).

4

1  would have had supplemental jurisdiction over the other plaintiffs' state law claims. *Id.* § 1367(a).
2  Without the Representative's federal claims, however, the *only* claims before the Court turn on
3  ///
4
5  California law, over which this Court has no subject matter jurisdiction.[3]  As such, the Court must
6  DISMISS this matter for lack of subject matter jurisdiction.
7        ACCORDINGLY, the Court DISMISSES this matter for lack of subject matter jurisdiction.
8  The Clerk of the Court shall VACATE any pending dates in this matter and shall CLOSE this file.
9
10       IT IS SO ORDERED.
11
12       November 5, 2008                   _____
                                            Saundra Brown Armstrong
13                                          United States District Judge

---

[3]   As the Estate has never properly appeared before this Court, it has *never* had subject matter jurisdiction over this litigation.

|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| COOKE ET AL et al, | Case Number: CV08-00016 SBA |
|---|---|
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. |  |
| HARPUM ET AL et al, |  |
| Defendant. |  |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 6, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alan A. Cooke
c/o Kim Starr
P.O. Box 5692
Eureka, CA 95502

Dated: November 6, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk